

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00258-CV

Javier H. **PEREZ**, Sr.,
Appellant

v.

**SENTRY INSURANCE**,
Appellee

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2013-CVT-000441-C3
Honorable Jesus Garza, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  December 11, 2013

AFFIRMED

The underlying litigation arises from an automobile accident involving appellant, Javier H. Perez, Sr., and Miguel Cardona.  Perez sued Cardona and Cardona's insurance company, Sentry Insurance.  Perez asserted a claim for negligence against Cardona and claims for breach of an oral contract and breach of good faith and fair dealing against Sentry.  Cardona and Sentry jointly moved for summary judgment on all claims, and Perez responded.  The trial court rendered summary judgment in favor of Cardona and Sentry on all of Perez's claims except his claim for breach of an oral contract, which the court severed out.  In its severance order, the trial court

ordered that, among other pleadings, the summary judgment pleadings be placed in the severed trial cause number. The trial court later rendered a summary judgment in favor of Sentry on the remaining breach of oral contract claim. Perez now appeals from that judgment.

On appeal, Perez raises two arguments. First, he asserts summary judgment on his contract claim was improper because genuine issues of material fact exist as to whether an oral contract was formed. Second, Perez asserts that, although he had notice and an opportunity to be heard prior to the granting of the first summary judgment, he was denied his due process rights to notice and an opportunity to be heard prior to the trial court's granting of the second summary judgment.

## ORAL CONTRACT

Perez alleges an oral contract was formed when Sentry's adjuster appraised the damage to Perez's vehicle and told Perez's son that the damages would be paid. Sentry moved for a summary judgment on the grounds that it never offered to settle the property damage claim, and, even if such an offer was made, the amount was never agreed upon.

The elements of a valid and enforceable contract are: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Hubbard v. Shankle*, 138 S.W.3d 474, 481 (Tex. App.—Fort Worth 2004, pet. denied). The necessary elements of both written and oral contracts are the same and must be present for a contract to be binding. *Id.* A contract's material terms must be sufficiently definite to enable a court to understand the parties' obligations. *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000). A party cannot accept an offer so as to form a contract unless the terms are reasonably certain. *Id.* Accordingly, all essential terms of the agreement must be agreed upon before a contract may be enforced by the court. *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). If the terms of an alleged contract are so indefinite

that it is impossible for the court to determine the rights and obligations of the parties, it is not an enforceable agreement. *Fort Worth Indep. Sch. Dist.*, 22 S.W.3d at 846. Parties may agree on some terms sufficient to create a contract, leaving other provisions for later negotiation. *See Scott v. Ingle Bros. Pac., Inc.*, 489 S.W.2d 554, 555 (Tex. 1972). However, when an agreement leaves material terms open for future negotiation, the agreement is not binding upon the parties and merely constitutes an agreement to agree. *See Fort Worth Indep. Sch. Dist.*, 22 S.W.3d at 846.

In support of his argument that an oral contract was reached, Perez filed an affidavit from his son, which states:

> In December of 2011, [left blank], Sentry Representative contacted me by telephone to come inspect the damages to my father's 2004 Chevy Silverado [sic] when [the] inspector came out to my father's residence he specifically informed me that Sentry Insurance Company would pay for the damages incurred to my father['s] . . . 2004 Chevy Silverado.

> My father . . . assumed that based upon what I informed him that an "oral contract" was made to pay for the damages to my father's vehicle in the matter herein.

Perez also filed a Sprint Call Detail indicating calls he alleged were from the insurance adjuster.

A defendant who conclusively negates at least one of the essential elements of a cause of action is entitled to summary judgment. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995); TEX. R. CIV. P. 166a(c). Here, even if we were to liberally construe the affidavit as raising a fact issue on the element of an offer, the affidavit does not raise a fact issue on any of the other essential elements because absent from the alleged oral contract are any terms of the parties' so-called agreement. Accordingly, Sentry conclusively negated one or more essential elements of Perez's breach of contract claim.

**DUE PROCESS**

Perez contends the trial court did not afford him notice and an opportunity to be heard before it rendered a summary judgment on his contract claim. When Sentry and Cardona moved for summary judgment, one of the claims challenged was Perez's breach of contract claim against Sentry. The trial court did not rule on that challenge, but instead, carried it over to the severed trial cause number. No other motions for summary judgment were filed, and, apparently, the trial court merely granted the existing motion on the remaining challenged claim. Although Perez responded to Sentry's and Cardona's motion for summary judgment, he contends he should have been given a second opportunity to be heard before the trial court granted that portion of the motion that challenged his contract claim. Perez did not raise this complaint before the trial court; therefore, this argument is not preserved for our consideration on appeal.

**CONCLUSION**

We conclude the trial court properly rendered summary judgment in favor of Sentry on Perez's breach of an oral contract claim. Therefore, we affirm the trial court's judgment.

Sandee Bryan Marion, Justice